231 A.2d 789.

RICHARD P. SULLIVAN *vs.* JAMES F. HOEY, JR.

JULY 18, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a bill in equity praying for a dissolution of two partnerships owned equally by the complainant and the respondent, and ancillary thereto, for an accounting of the affairs of each, the appointment of a receiver for both, and damages. Following a hearing on bill, answer and proof before a trial justice in the superior court, a decree

was entered granting substantially all of the complainant's prayers. The case is before us on the respondent's appeal from such decree.

Under his reasons of appeal, respondent contends (1) that the decree is against the evidence and the weight thereof, and (2) that it is against the law in that it awards complainant the right to elect to receive one half of the profits from May 1, 1961, to the date of the entry of the decree. On the view which we take of this case, we do not reach either of these questions at this time. After examining the entire record we come to the conclusion that the instant appeal is premature. In the circumstances it will serve no useful purpose at this time to indulge in any detailed discussion of the evidence.

It will suffice merely to point out in a very general way that this controversy between two partners involves two separate partnerships organized by them in 1955 under the firm names of The Airadyne Company and Empire State Equipment Company, hereinafter referred to as "Airadyne" and "Empire," respectively. Sometime in 1959 differences of opinion arose between the partners and the situation became progressively worse until, by letter dated April 28, 1961, respondent notified complainant that he was terminating the Airadyne partnership. It appears that complainant received this letter on May 1, 1961. The respondent concededly never gave complainant any notice affecting the dissolution of Empire.

During the period between 1959 and 1961, the partners, personally and with counsel, held conferences and carried on negotiations pertaining to the partnerships for the purpose of arriving at an amicable solution of their problems. These attempts were fruitless. In the meantime, respondent took certain actions pertaining to customers which had carried on business with Airadyne, which actions the trial justice found had constituted a violation of his fiduciary duties owed to the partnerships. These actions included the for-

mation of. Airadyne, Inc., a Massachusetts corporation, which thereafter secured business with various manufacturers who had previously carried on business with the Airadyne partnership.

Following the hearing the trial justice rendered a written rescript on November 27, 1962, in which he found, *inter alia,* that respondent violated his fiduciary duties to the partnerships prior to April 28, 1961, as well as on April 28, 1961; that he succeeded in terminating the Airadyne partnership on May 1, 1961; that he violated his fiduciary duties in forming Airadyne, Inc., without notice to complainant and in proceeding thereafter in picking up contracts with manufacturers who formerly had contracts with the partnerships; and that in view of the close business association between the two partnerships, he also violated his fiduciary duties to Empire.

In the circumstances, he concluded that by his actions respondent rendered himself liable for an accounting not only of the business of the partnerships prior to April 28, 1961, but thereafter until relieved by decree of court, and also to an accounting for half of the business of Airadyne, Inc., or other business conducted by him in any capacity with the manufacturers who had contracts with the Airadyne partnership on April 28, 1961. Accordingly, he ordered the parties to prepare a decree carrying out the objects specified therein, including the appointment of a permanent receiver for both partnerships and the appointment of a master to take an accounting.

Subsequently, in a supplementary rescript filed on January 8, 1963, the trial justice stated that

> "In keeping with the philosophy of prior commitment to counsel that issues beyond those of routine accounting be retained by the Court and resolved by it without reference to a master, the Court itself will ascertain the value of the good will, if any, of the partnership."

The trial justice then expressly reaffirmed his prior rescript;

as clarified in the January 8, 1963, rescript, and requested counsel to present a decree incorporating certain orders expressly set forth in such rescript.

On March 19, 1963, a decree was entered which incorporated the findings and conclusions of the trial justice and the orders based thereon.[1]

Although a master has been appointed, no accounting has taken place. Paragraph 7 in the decree provides that complainant shall be awarded the value of his interest in the partnerships as of the date of dissolution, and that such value is to be based on an accounting as of that date plus half the good will therein as of that date. And in accordance with the provisions of G. L. 1956, §7-12-53, as amended, paragraph 8 provides that complainant shall elect whether to receive interest on any such award or profits found after May 1, 1961, as a result of the decreed accounting.

In the circumstances the value of any interest which complainant may have in any of the companies, or the value of any profits, cannot be determined at this time and the choice presented by §7-12-53 is of no avail to complainant. Moreover, paragraph 12 provides that if an appeal be taken to this court, the superior court, after the accountings referred to in paragraphs 4 and 5 have been taken, shall conduct a hearing to determine the value of the good will of the respective partnerships as of May 1, 1961, as provided for in paragraph 6 of the decree.

Since there has been no accounting, and in view of the fact that the decree requires the superior court to pass on the question of the value, if any, of the good will of the partnerships as set forth in paragraph 6 of the decree, we hold that the instant appeal is premature.

For the reasons stated the appeal is denied and dismissed

---

[1]The orders incorporated in such decree are included herein as Appendix A.

without prejudice, and the cause is remanded to the superior court for further proceedings.

### Appendix A

"1. That the partnerships, Empire State Equipment Company and the Airadyne Company be confirmed as dissolved as of May 1, 1961.

"2. That Francis J. O'Brien, Esq. be appointed permanent receiver of both partnerships.

"3. Said Receiver, if the Court deems it necessary, shall proceed to have an ancillary receiver of the Airadyne Company partnership appointed in Massachusetts.

"4. A Master be appointed to take an accounting of the partnerships from a date agreed upon between the parties in this matter as being equitable, to wit: January 1, 1961 down to May 1, 1961, showing the state of the partnerships as of that date, excluding any consideration of good will. This agréement, as to the above equitable date, has been entered into between the parties on the basis of the Complainant, Richard P. Sullivan, forwarding to the Respondent, James F. Hoey, Jr., a letter providing that the sum of $1934.46 shall be considered as an obligation in this matter that shall be charged against the account of Richard P. Sullivan.

"5. That the Master so appointed shall also take an accounting of the partnerships from May 1, 1961 to December 1, 1962, including Airadyne, Inc., if there is no appeal taken to the Supreme Court in this matter. Such accounting to indicate the profits made by the partnerships, and Airadyne, Inc., subsequent to May 1, 1961. In the event that there be an appeal taken in this matter, then said accounting of the partnerships, including Airadyne, Inc. shall further be taken to indicate the profits, if any, made by the partnerships and Airadyne, Inc. up to and including such date as may be determined by the Supreme Court in this matter.

"6. The Court will fix the value, if any of the good will of the partnerships as of May 1, 1961, excluding therefrom any value inherent in contracts executory as of that date.

"7. The Complainant shall be awarded the value of his interest in the partnerships as of the date of dissolution, that value to be the result of accounting as of that date plus half the good will therein as of that date.

"8. Complainant shall elect whether to receive interest on any such award or profits found after May 1, 1961, as a result of the decreed accounting.

"9. Costs of suit, including master's fee, shall be paid three-fourths by Respondent and one-fourth by Complainant. This results from the fact that some accounting would have been necessary even if there had been no dereliction on the part of Respondent but that the extent of the accounting has been made greater by his actions.

"10. That Albert J. Hoban, Esq. is hereby designated as the Master-in-Chancery to take said accounting as herein provided.

"11. That said Master be and is hereby authorized and empowered to proceed as expeditiously as possible with the accounting made and provided for in said Decree, even though there may be an appeal taken from said Decree to the Supreme Court.

"12. If an appeal be taken to the Supreme Court in this matter, this Court, after the accounting referred to in Paragraph 4 and 5 have been taken, shall conduct a hearing to determine the value of the good will of the respective partnerships, to wit: Airadyne Company and Empire State Equipment Company as of May 1, 1961 as made and provided for in Paragraph 6 of this Decree."

*Dick & Carty, Joseph B. Carty & Paul J. Pisano,* for complainant.

*Edward W. Day, Jr.,* for respondent.